THEODORE D. BRATTON v. RICHARD B. HOWARD.

[52 South 210.]

CONTRACTS. *Negotiations merged. Building contracts.*

> Where a building was erected and paid for under a written contract, the builder is not entitled to recover additional compensation because of anything in the previous negotiations, written or verbal, not embodied in the contract.

FROM the circuit court of Warren county.

HON. HENRY C. MOUNGER, Judge.

Howard, appellee, was plaintiff in the court below; Bratton, President of the Board of Trustees and Bishop of the Protestant Episcopal Church of the diocese of Mississippi, appellant, was defendant there. From a judgment in plaintiff's favor, defendant appealed to the supreme court. The opinion of the court states the facts.

*Dabney & Dabney,* for appellant.

The principal that when a full and complete contract is entered into between parties all previous negotiations which led up to it are presumed to have merged into it and the contract thus made is the only evidence of what the parties have agreed to do, is so well settled that there seems to be nothing to discuss. This case falls directly within the rule. The formal contract by its terms is full and complete and nothing is left to be shown by parol evidence. No reference is made to the bid in the contract and it can be considered only as a part of the negotiations out of which the contract grew. In legal contemplation the parties are presumed to have considered the matter of this possible extra cut or fill mentioned in the bid, and agreed to leave it out of the contract; and appellee is con-

clusively presumed to have yielded his demand, as set out in his bid, so far as this extra work was concerned, and he will not be allowed to go behind the contract and show that there was a previous agreement, such as that indicated by his bid, which would have the effect to vary or qualify the subsequent contract entered into by him. This principle of law is so familiar to this court that citations are unnecessary.

In *Creek-Neal Coffee Co. v. Morrison-Hinton Co.,* 96 Miss. 835, 51 South. 1, a written order for goods in the briefest language possible was held to be the contract of the parties, and parol evidence offered to explain or vary its terms was excluded, overruling the lower court. See also *Pine Grove Lumber Co., v. Interstate Lumber Co.,* 71 Miss. 944; *Cocke v. Blackbourn,* 58 Miss. 539.

If the long line of decisions in this state holding this doctrine, needed any support from outside authority it will be found amply supplied in Wigmore on Evidence, § 2425.

*S. S. Hudson,* for appellee.

There can be no question that if a written contract is made, unambiguous in its terms, and it is mutually signed by the contracting parties, no matter what may have been the understanding between the parties previously to signing the contract, parol testimony to vary its terms would be clearly inadmissible. But in this case the moment the court reads the contract, examines the plans and specifications and the written bid, it will see at once that they are contemporaneous writings, that one cannot be understood without the other or without referring to the other; in fact, the contract says that the plans and specifications are made a part of the contract and the contract is made a part of them and the declaration avers that the appellant exhibited the plans and specifications on May 22, to the contractors, the very date of the written bid and the declaration further avers that the contract signed by appellee on June 22, a month later

than the date of his bid, was on May 22, then before them, and appellant would have signed it that day but Hyland was the lowest bidder, and consequently their relation to each other cannot be determined without consulting both for they are co-equal and all made at the same time.

If no contract, plans, and specifications had been in existence when appellee bid and subsequently plans and specifications were gotten up and signed, the appellee might occupy a different relation hereto, but the bid of appellee upon which he sues particularly refers to the plans and specifications and notes the objection to them and the written bid was interposed with that view and with understanding by both parties and the bond was so made with that understanding, and all forms of the writing, being of equal dignity, and conflicting, in justice they should be taken together for a correct understanding.    6 Cyc. 18; 41 S. W. 178, 109 Fed. 838, 17 South. 484, 20 Atl. 857.


MAYES, C. J., delivered the opinion of the court.

We do not deem it necessary to state the facts of this case to any great length.    In brief, the facts stated in the declaration are as follows: The Trustees of the Protestant Episcopal Church of the Diocese of Mississippi, the appellant being the president of same, owned a certain tract of land in Warren county, Miss., and desired to build a schoolhouse.    To this end the trustees had an architect prepare plans and specifications of same, together with certain designations as to some grading and fills necessary to get the surface of the ground as desired.    On the 22d day of May, 1908, in answer to the notifications of the trustees to contractors to appear and submit bids for the work, appellee on that day submitted a bid for the work at the price of $3,829.    In the bid submitted on above date appellee specified in the bid that he would include in the bid all grading to be done, provided it was not more than 1,200 yards cut and 1,500 yards fill, and concluded the bid by stating that, if the cuts and

fills fell short of the above quantity or exceeded it, he was to receive twenty-two cents per yard for any excess, and, if it fell short of the above quantity, then the trustees were to receive credit on the amount of the above bid for twenty-two cents per yard for all that it lacked. This bid was not accepted at the time it was made, but about a month later appellee signed a contract with appellant, agreeing to do the work for the above amount; but in this contract nothing was said as to any quantity of grading to be done or cuts to be filled, further than the plans and specifications provide for, and no attempt is made to place in the contract any such stipulations as to quantity of grading as were contained in the proposal of May 22d. The appellee completed the work according to plans and specifications, and after doing this and receiving the $3,829 named in the contract as the price to be paid for the work done, demanded of appellant an additional sum of $629.42, claiming that the dirt he was required to deal with in making the grading and fills amounted to 2,861 yards above the amount specified in the bid of May 22d. Appellee, therefore, alleges that the bid made on the 22d day of May became and was part of the contract of June 22d, and sues for above amount: that is to say, for $629.42, being the amount that 2,861 yards of dirt would amount to at twenty-two cents per yard for removal.

The declaration stating the above facts was demurred to, and demurrer overruled. There was other pleading in the cause; but we deem it unnecessary to follow further the course of the pleading, since under our view the demurrer settles the case. All previous negotiations became merged in the contract of June 22d, and, since the particular feature of the negotiation contained in the bid of May 22d was not included in the contract, it is just as if it had never occurred. The contract alone speaks all the enforceable provisions of same, and all liability on account of this contract must be determined under it. The liability here claimed grows out of the claim that the bid be-

came a part of the contract, though the bid was made a month before the contract was signed, and never incorporated in it. This contention has no merit.

The demurrer to the declaration should have been sustained, and declaration dismissed; and this order is directed to be made here.                                    *Reversed and dismissed.*